IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHARLES E. PORTER,
    Petitioner,

vs.                                      Lead Case No.: 5:12cv316/MMP/EMT

PAIGE AUGUSTINE, WARDEN,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on an amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (doc. 8). Respondent Augustine filed a response (doc. 17). Petitioner filed a reply (doc. 19).

This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b). After careful consideration of the issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed for lack of jurisdiction based upon Petitioner's failure to exhaust administrative remedies prior filing to seeking federal habeas relief.

I.    BACKGROUND

Petitioner does not dispute the background facts as stated by Respondent Augustine in her Response (doc. 17 at 2–3). On September 6, 2007, Petitioner was arrested and charged in Kentucky state court with Sexual Abuse First Degree, Possession of Marijuana, Possession of Drug Paraphernalia, Possession of Firearm by Convicted Felon, Possession of Handgun by Convicted Felon, and Violations of State Supervision (doc. 17, Ex. 1, Declaration of Henry Davis ("Davis Decl.") ¶ 3). On December 4, 2007, the state court sentenced Petitioner to a three-year term of imprisonment for violation of his state discharge sentence (Davis Decl. ¶ 4). The State of Kentucky

subsequently dismissed the remaining state charges in lieu of Petitioner's being prosecuted on federal charges in the United States District Court for the Western District of Kentucky (Davis Decl. ¶ 4). On July 21, 2008, Petitioner was released from state custody pursuant to a federal writ of habeas corpus ad prosequendum for disposition of the pending federal charges in United States v. Porter, No. 3:08CR-44-H (Davis Decl. ¶ 5). On June 26, 2009, Petitioner was sentenced in the Western District of Kentucky to a term of 180 months of incarceration for Felon in Possession of Firearm and Criminal Forfeiture (Davis Decl. ¶ 6). The court ordered Petitioner's federal sentence to run concurrently with his state sentence (Davis Decl. ¶ 6).

The federal Bureau of Prisons ("BOP") completed a sentence computation for the 180-month term in accordance with federal statutes and BOP policy (Davis Decl. ¶ 7). Because the court had ordered the federal sentence to run concurrently, the BOP designated the state facility for service of Petitioner's federal sentence, and lodged a detainer (Davis Decl. ¶¶ 6, 7). On March 1, 2010, Petitioner was released from state custody to federal custody for the service of his federal sentence (Davis Decl. ¶ 8). The BOP calculated Petitioner's federal sentence to commence on the date the sentence was imposed, June 26, 2009 (Davis Decl. ¶¶ 9, 11, 12). Petitioner was not given prior custody credit for the time period between Petitioner's arrest on September 6, 2007, and his federal sentencing on June 26, 2009, because this period of time had been credited toward Petitioner's state sentence (Davis Decl. ¶¶ 13, 14).

Petitioner has not filed any administrative remedy request to challenge this calculation (doc. 17, Ex. 2, Declaration of Joksan J. Morgan ("Morgan Decl.") ¶¶ 7, 8).

In this habeas action, Petitioner seeks credit on his federal sentence for time spent in state custody, pursuant to 18 U.S.C. § 3585(b) (doc. 8 at 6–8). He requests that this court issue an order directing the BOP to credit his federal sentence for the period September 6, 2007, to March 1, 2010 (*id.* at 8). As demonstrated by Respondent, Petitioner has already received federal credit for part of this period (June 26, 2009, to March 1, 2010).

II.     ANALYSIS

It is well established that prisoners must exhaust administrative remedies before habeas relief may be granted, including relief pursuant to § 2241. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004); U.S. v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000) ("A claim for credit for time served is

brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies."). Exhaustion of administrative remedies is jurisdictional. *See* U.S. v. Williams, 425 F.3d 987, 990 (11th Cir. 2005) (dismissing claim for sentence credit under § 3585(b) for lack of jurisdiction, because prisoner failed to exhaust administrative remedies); United States v. Lucas, 898 F.2d 1554, 1556 (11th Cir. 1990) (same); U.S. v. Mitchell, 845 F.2d 951, 952–53 (11th Cir. 1988) (same).

The BOP provides a four-level administrative grievance procedure for prisoner complaints (doc. 17, Morgan Decl. ¶ 2). 28 C.F.R. § 542.10–542.15; United States Dep't of Justice, Federal Bureau of Prisons, Program Statement No. P1330.16. Initially, prisoners must seek resolution of issues through informal grievances (*id.*). 28 C.F.R. § 542.13(a); BOP Program Statement P1330.16, pp. 4–5. If unsuccessful, an inmate may then file a formal written complaint with the warden of his institution on the BP-9 form (*id*). 28 C.F.R. §§ 542.13(a), 542.14; BOP Program Statement P1330.16, pp. 5–6. An inmate who is not satisfied with the warden's response may appeal to the Regional Director on the BP-10 form (*id.*). 28 C.F.R. § 542.15; BOP Program Statement P1330.16, pp. 7–8. Finally, an inmate may appeal the Regional Director's response to the General Counsel for the BOP by submitting an appeal on a BP-11 form (*id.*). *Id.*

In this case, Petitioner states in his reply that he "tried" to exhaust his administrative remedies, but the BOP "has impeded this process a great deal, and [he] was advised by his Couselour [sic] and Records Department to take this matter to the Courts" (doc. 19). Petitioner argues he should be excused from the exhaustion requirement because exhaustion would be futile (*id.*).

Given the Eleventh Circuit precedent that the exhaustion requirement in § 2241 cases such as Petitioner's is jurisdictional, whether he may even assert a futility exception to the requirement is questionable.[1] Assuming Petitioner may argue futility as an exception to the exhaustion requirement,

---

[1] In Lucas, the court concluded that the exhaustion requirement in § 2241 cases was jurisdictional after examining 18 U.S.C. § 3585 and its predecessor, 18 U.S.C. § 3568. *See* 898 F.2d at 1554–56. The Eleventh Circuit has reasoned that "[a]lthough judicially developed exhaustion requirements might be waived for discretionary reasons by courts, statutorily created exhaustion requirements bind the parties and the courts." Richardson v. Reno, 162 F.3d 1338, 1374 (11th Cir. 1998) (emphasis added), *judgment vacated on other grounds*, 526 U.S. 1142, 119 S. Ct. 2016, 143 L. Ed. 2d 1029 (1999). Failure to comply with statutory exhaustion requirements deprives a court of jurisdiction; thus "mandatory statutory exhaustion is not satisfied by a judicial conclusion that the requirement need not apply due to futility." *Id.*; *cf.* Gallo Cattle Co. v. United States Dep't of Agric., 159 F.3d 1194, 1197 (9th Cir. 1998) ("[W]hile judicially-created exhaustion requirements may be waived by the courts for discretionary reasons, statutorily-provided exhaustion requirements deprive the court of jurisdiction and, thus, preclude any exercise of discretion by the court."). *But see* Rodriguez v. Lamar, 60 F.3d 745, 747 (11th Cir. 1995) (declining to address exhaustion in § 2241 context

however, such exceptions apply only in "extraordinary circumstances," and Petitioner "bears the burden of demonstrating the futility of administrative review." Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam). Petitioner has not shown that his case involves extraordinary circumstances, and he does not adequately explain why administrative review would prove futile. The fact that a favorable administrative remedy outcome is unlikely does not meet Petitioner's burden of establishing extraordinary circumstances justifying waiver of the exhaustion requirement. *See e.g.*, Irwin v. Hawk, 40 F.3d 347, 349 (11th Cir. 1994); Green v. Meese, 875 F.2d 639, 641 (7th Cir. 1989) ("No doubt denial is the likeliest outcome, but that is not sufficient reason for waiting the requirement of exhaustion. Lightning may strike; and even if it doesn't, in denying relief the Bureau may give a statement of its reasons that is helpful to the district court in considering the merits of the claim."); Portela-Gonzalez v. Secretary of the Navy, 109 F.3d 74, 78 (1st Cir. 1997) ("A pessimistic prediction or a hunch that further administrative proceedings will prove unproductive is not enough to sidetrack the exhaustion rule.").

Accordingly it is respectfully **RECOMMENDED**:

That the amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 8) be **DISMISSED** for lack of jurisdiction based upon Petitioner's failure to exhaust his administrative remedies prior to filing suit.

At Pensacola, Florida this 11th day of February 2013.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

where Government did not raise issue of petitioner's failure to exhaust).

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**